HAMILTON WARD, Plaintiff, *v.* NICK ORSINI and Another, Defendants.

Supreme Court, Erie County, June 9, 1925.

Attorney and client — lien for services — action to enforce lien of attorney upon settlement made without attorney's knowledge or consent — said lien predicated on contract of retainer by which client agreed to pay attorney twenty-five per cent of amount received in settlement if case were settled before trial — on settlement without attorney's knowledge and agreement by party liable to pay attorney's fees, then attorney was to be paid sum equal to amount client received in settlement — clause in contract providing client shall pay attorney sum equal to sum paid him in settlement void as against public policy — attorney entitled to twenty-five per cent of amount received in settlement plus taxable costs.

A contract of retainer between an attorney and his client, by which the client agreed to pay said attorney, in the event the cause of action was settled by said client without the knowledge or consent of his attorney, fifty per cent of the amount received in such settlement, and further provided that if said client settled the cause of action without the knowledge or consent of his attorney, and the party liable agreed that it would pay for the services of said attorney, then the attorney should receive an amount equal to that paid the client plus costs, is, as to the last provision, void as against public policy, and unenforcible.

However, a provision in said contract of retainer to the effect that the client agrees to pay his attorney twenty-five per cent of the amount received in settlement before any testimony is taken, or before the case goes upon the ready calendar, is enforcible.

Accordingly, in an action by said attorney to enforce a lien upon a settlement made the same day he effected service of a summons in an action predicated upon his client's claim for personal injuries against the defendant railroad company, where it appears that the railroad company effected a settlement of the action without the knowledge or consent of the attorney, and agreed with the client to pay said attorney whatever sum the defendant railroad company might be legally liable for by reason of said settlement, said attorney is entitled to recover from the railroad company, but only twenty-five per cent of the amount paid in settlement, plus taxable costs.

ACTION to establish and to enforce a lien of plaintiff as attorney upon a settlement made without his knowledge or consent.

*Julius A. Schreiber,* for the plaintiff.

*Andrew B. Gilfillan,* for the defendant Nick Orsini.

*Rann, Vaughan, Brown & Sturtevant* [*Howard R. Sturtevant* of counsel], for the defendant New York Central Railroad Company.

LYTLE, J.:

The defendant Nick Orsini was injured on the 12th day of March, 1923, while he was working for the defendant railroad company. Thereafter on the 5th day of April, 1923, the defendant Orsini retained the plaintiff, an attorney and counselor at law, to prosecute a cause of action which Orsini claimed to have against the New York Central Railroad Company for personal injuries arising out of the accident. A written contract of retainer was entered into which is now the subject of the controversy herein.

It appears that, pursuant to the contract of retainer, the plaintiff in this case caused an action to be brought by Orsini against the New York Central Railroad Company, and effected service of a summons upon the defendant railroad company in New York city at ten o'clock in the forenoon of April 10, 1923. At four o'clock in the afternoon of the same day a settlement was made by said railroad company with Orsini, without the knowledge or consent of the plaintiff, attorney for said Orsini, at the office of the claims department of the New York Central Railroad Company in Buffalo, N. Y. On the 11th day of April, 1923, the defendant New York Central Railroad Company served upon the plaintiff, Hamilton Ward, a notice of appearance.

The New York Central Railroad Company paid to Orsini in settlement of his claim the sum of $300, and received from Orsini a general release. At the time of the settlement Orsini gave to the New York Central claim agent, Carnes, a copy of the written contract of retainer. Carnes read the contract in the presence of Orsini, and stated that the defendant New York Central Railroad Company would pay to Hamilton Ward whatever sum the New York Central might be legally liable for to said Hamilton Ward by reason of the settlement.

The New York Central thereafter offered the plaintiff herein the sum of $75 plus an additional sum equivalent to the items of costs, namely, $26.50, making a total offer of $101.50. The offer was rejected and this action was commenced by the attorney, claiming a lien on the aforesaid cause of action and settlement in the sum of $326.50, together with interest from the 10th day of April, 1923.

The defendant New York Central Railroad Company resists the payment of the claim made by the plaintiff herein on the ground

that the contract of retainer is void as against public policy. The defendant Orsini asks for a dismissal of the complaint as against him for the reason that the defendant New York Central Railroad Company assumed, among other things, the obligation to satisfy the attorney's lien upon the cause of action.

The contract in question provides among other things that the client Orsini agrees " to pay the said Hamilton Ward twenty-five per cent in case settlement is effected before any testimony is taken or before the case goes upon the ready calendar." The case did not go on the ready calendar, and no testimony was taken, as the settlement was made a day after the commencement of the action.

The attorney's lien, completed upon the settlement of $300, would, therefore, be only a lien in the sum of $75 according to that provision of the contract.

The contract further provides: " in case said cause of action is settled by the first party (Orsini) without the consent of the second party (Ward) then, in that case, the said first party agrees to pay said second party fifty percent of such settlement."

The attorney's lien pursuant to this provision upon a settlement of $300 would, therefore, amount to $150, or in effect impose an additional liability upon the client in the event that the settlement is made without the consent of the attorney.

The contract further provides: " and if by the terms of such settlement, it is agreed by the parties making the same that they will pay for the services of said attorney, then it is agreed that such percentage shall be computed on the amount of the money paid first party and the amount to be paid second party added together, and that the sum to be paid second party shall be equal to the sum paid the first party, and that second party shall have in addition thereto his taxable costs and disbursements."

Under this provision the attorney's lien upon a settlement of $300 would, therefore, amount to an equal sum of $300 plus the taxable costs of the action.

In considering the questions herein involved it is pertinent to refer primarily to the basis of an attorney's compensation. At common law there was some question as to the rights of an attorney to recover for his services. It was held in *Stevens* v. *Adams* (23 Wend. 57) and *Adams* v. *Stevens* (26 id. 451) that an action would lie at common law for the purpose of enabling an attorney to recover for his services. In 1848, when the Code of Procedure was enacted, all restrictions upon the part of a party to agree with an attorney for his compensation were left to the agreement, express or implied, of the parties. (Laws of 1848, chap. 379, § 258.)

In 1876, when the first part of the Code of Civil Procedure was

passed, the only regulation upon the subject was the following: " The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law." (Laws of 1876, chap. 448, § 66.)

The history of the development of the law concerning attorney's compensation is extensively discussed in the case of *Fischer-Hansen* v. *Brooklyn Heights Railroad Co.* (173 N. Y. 492) and it was determined among other things by that decision that a cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property, but a charge upon it. The lien is subject to the right of the client to settle in good faith without regard to the wish of the attorney. If the construction contended for by the attorney, Hamilton Ward, were put upon the contract in question in this action, the effect would be either to impose upon the defendant Orsini an obligation to pay the attorney an additional twenty-five per cent, in the event of settling without the consent of the attorney, or to impose upon the defendant New York Central Railroad Company an additional seventy-five per cent for settling without the consent of the attorney. If this can be legally done by the agreement which we are considering herein, it is difficult to antici- pate where the limitations might ultimately be placed upon any and all settlements by contracts of this character, entered into between attorneys and clients. It would seem that if the con- tentions of the plaintiff in this action could be sustained, that then the way would be clear for the creation of similar percentages in similar actions, thereby enabling the percentages to reach such proportions that the result would be, not only in this action, but in contracts of a similar nature, in effect to deprive the client of the right which the law now gives him, to hold control of the settlement of his case, and to transfer that right by contract into the possession and under the sole authority of the attorney, and would also be, by so doing, in contravention of long-established legal principles and public policy, and unconstitutional. (*Matter of Snyder*, 190 N. Y. 66.)

The effect of upholding the contract in question *in toto* would tend to give to the plaintiff, pursuant to the terms of this contract, the power to control and to prevent settlements without his consent. No doubt it was the intention of the plaintiff to prevent, if possible, by contract, any settlement without the consent of the plaintiff. In view of the premises, it is hereby determined that that portion of the contract as follows: " and if by the terms of such settlement it is agreed by the parties making the same that they will pay for the services of said attorney, then it is agreed that such per-

centage shall be computed on the amount of the money paid first party and the amount to be paid second party added together, and that the sum to be paid second party shall be equal to the sum paid first party and that the second party shall have in addition thereto his taxable costs and disbursements," is void under and by reason of the authorities hereinbefore cited, and the plaintiff, Hamilton Ward, is entitled to recover from the defendant New York Central Railroad Company under that portion of the contract which reads as follows: ".Twenty-five per cent. in case settlement is effected before any testimony is taken or before the case goes upon the ready calendar  *  *  *  in addition to the taxable costs and disbursements," amounting in all to the sum of $101.50.   As against the defendant  Nick  Orsini  the  complaint is dismissed, without costs.

Findings may be prepared accordingly.