OSCAR J. BROWN et al., Doing Business as BROWN, MANGIN & O'CONNOR, Plaintiffs, *v.* CURRAN CONSTRUCTION COMPANY, Defendant.

Municipal Court of Syracuse, June 9, 1948.

*Brown, Mangin & O'Connor* for plaintiffs.

*Bernard J. Donoghue* for defendant.

MCCLUSKY, J  The plaintiffs are a firm of attorneys with offices for the practice of their profession in the city of Syracuse, New York. Sometime in December, 1947, one William Holmes retained them as attorneys for the purpose of bringing

an action against the Curran Construction Company for damages done to the furniture of the said Holmes. On December 29, 1947, the attorneys wrote the present defendant advising it that they had been retained by Holmes to bring an action against it for damages occasioned through the negligence of the company. Thereafter and on the 24th day of January, 1948, an action was commenced in this court against the company by the service of a summons. The company appeared by an attorney. A complaint was served and an answer interposed. Thereafter the cause was noticed for trial on February 13, 1948. It was adjourned without date. Subsequently it was noticed for trial on April 13, 1948. Before that date without the knowledge of his attorneys Holmes and the Curran Construction Company settled for the sum of $60 and the company secured a release. The present plaintiffs knew nothing about the settlement until just before the trial date. No proof was offered as to the good faith of the company in so settling. The retainer was oral and was for one third of the amount secured whether by judgment or settlement.

The defense is one of law, viz., that Holmes had the right to settle, and that there is no proof of his insolvency and he has not been made a party defendant in the action.

There is no question but what a client may settle his cause of action without the consent of his attorney. But an attorney has a right to be compensated for his services.

Section 475 of the Judiciary Law provides the manner in which some of the remedies may be enforced. It is designed primarily to protect the attorney from dishonest settlements without his knowledge or consent. The remedies afforded him are (1) to bring an independent action against his *quondam* client, (2) a retaining lien upon the papers in the case, (3) a charging lien, (4) ascertainment and foreclosure of the lien in a separate equitable suit, (5) ascertainment and fixation of the lien in the action, (6) to protect him as to his costs in the original action. These remedies are cumulative. (*Citizen's Bank of White Plains* v. *Oglesby*, 270 App. Div. 136.)

This court is a court of record. Parties may appear either by attorney or personally as in Supreme Court, but an unlicensed individual other than a party to an action cannot appear. An attorney, therefore, has the right to have his lien for services rendered in this court protected by the provisions of the Judiciary Law previously mentioned. Clearly he would have a right to bring a separate action against his client. Inasmuch as this court has a very limited equitable jurisdiction, a proceeding could not

be brought to foreclose his retaining or charging lien. We do hold that he can ascertain and fix his rights to a lien and to costs in the original action. However, this court does not believe that he can bring a separate action against the offending party alone. He must make his former client and the offending party parties defendant. The case of *Ward* v. *Orsini* (125 Misc. 407) is not contrary to but in support of that proposition inasmuch as it was an equitable proceeding to ascertain and fix the lien.

In the light of the authorities the court must dismiss the complaint herein — with regret.